Grant v. Dyatt.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed December 11, 1909. Affirmed.

*C. T. Atkinson,* and *C. R. Pollard,* for the appellant. *Faulconer & Cunningham,* for the appellee.

---

D. W. GRANT, *Appellee,* v. HUGH DYATT, *Appellant.*

No. 16,196.

FINDINGS OF FACT—*Conclusiveness—Agent's Commission.* The trial court having found upon conflicting testimony the amount due the plaintiff as commissions for the sale of real estate, its judgment was affirmed.

Appeal from Sherman district court; CHARLES W. SMITH, judge. Opinion filed December 11, 1909. Affirmed.

Grant v. Dyatt.

*L. H. Wilder,* for the appellant.

*E. F. Murphy,* for the appellee.

*Per Curiam:* D. W. Grant brought this action to recover from Hugh Dyatt a balance due on account and obtained a judgment for $124, from which Dyatt appeals to this court.

Dyatt is engaged in the business of selling real estate. He employed Grant to sell land for him and agreed to give $1 an acre as commission for the land sold by Grant. Under this agreement Grant sold 960 acres. On December 1, 1906, Grant, upon his petition in voluntary bankruptcy, was adjudged to be a bankrupt, and W. G. Bissell was appointed trustee of the bankrupt's estate. The trustee claimed so much of this amount as was earned before Grant was adjudged to be a bankrupt and settled with Dyatt for the amount due to Grant upon that basis. The chief controversy is as to the number of acres sold by Grant after the adjudication in bankruptcy. The trustee in bankruptcy and Dyatt settled and compromised this question so far as they were concerned, and upon such settlement Dyatt paid the trustee the sum of $227 as the amount remaining due to Grant for sales made and commission earned before the adjudication in bankruptcy.

On May 23, 1907, Grant commenced this action to recover of Dyatt the amount of commission earned by him after the adjudication in bankruptcy. The case was tried to the court. The evidence was somewhat conflicting. Grant claimed that there was $524 due him. The court awarded judgment for the plaintiff for $124. There is no question of law involved.

The judgment of the district court is affirmed.